1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**
7                 **DISTRICT OF NEVADA**
8

9  BRETT JONES,              )
                             )
10        Petitioner,      )     3:10-cv-00590-LRH-WGC
                             )
11  vs.                   )     **ORDER**
                             )
12  GREG SMITH, *et al.*,     )
                             )
13        Respondents.    )
         _____/

14

15       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,
16  by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss.  (ECF No. 11).
17  **I. Procedural History**
18       **A.  Judgment Entered, Eighth Judicial District Court, Case No. C170544**
19       In the Eighth Judicial District Court for the State of Nevada, a jury trial proceeded from
20  September 9, 2002 through September 19, 2002.  (Exhibit 1, Court Minutes, at pp. 6-14).[1]  On
21  September 19, 2002, the jury returned verdicts against petitioner for: (1) murder in the first degree,
22  victim 65 years of age or older, and (2) robbery, victim 65 years of age or older.  (Exhibit 2).  The
23  trial court advised that the trial would move into the penalty phase and excused the jury for a short
24  recess.  (Exhibit 1, at p. 13).  Outside the presence of the jury, on the afternoon of September 19,
25  2002, the trial court was informed that petitioner had accepted a plea agreement based on the second
26  amended information to be filed in open court.  (Exhibit 1, at pp. 13-14; Exhibit 3).  In the guilty
27  _____

       [1]  The exhibits referenced in this order are found in the Court's record at ECF No. 12.

1   plea agreement, the state stipulated to petitioner receiving a sentence of life without the possibility of

2   parole for the murder count, and an equal and consecutive term for the age enhancement, thereby

3   giving up the death penalty as a sentencing option.  (*Id.*).

4        The trial court reviewed the guilty plea agreement and canvassed petitioner as to his change

5   of plea and as to the entry of the guilty plea agreement.  (Exhibit 1, at pp. 13-14; Exhibit 4, at pp. 8-

6   12).  Upon finding that petitioner, with the assistance of counsel, understood the nature of the two

7   offenses charged, the consequences of his pleas, and that his pleas were freely, voluntarily, and

8   knowingly entered, the trial court accepted petitioner's guilty pleas.  (*Id.*; Exhibit 4, p. 12, lines 17-

9   21).  The trial court dismissed the jury, and at the request of the state, the jury's verdict was lodged

10  with the court, but not withdrawn, until petitioner's sentencing was completed.  (Exhibit 1, at p. 14).

11  Sentencing was scheduled for November 7, 2002.

12       On October 11, 2002, petitioner's counsel filed a motion to withdraw as attorney of record.

13  (Exhibit 5).  On October 22, 2002, a hearing was held on the motion to withdraw, at which time the

14  trial court granted the motion and appointed the Special Public Defender's Office as counsel "to

15  review the plea that was entered on September 19, [2002] in this Department, and determine whether

16  or not new counsel feels it appropriate to lodge a motion for withdrawal of that plea.  (Exhibit 1, at p.

17  14; Exhibit 6).

18       On November 7, 2002, a status hearing was held on petitioner's decision, with the advice of

19  his new counsel, whether or not petitioner would seek to withdraw his guilty plea.  (Exhibit 1, at p.

20  15; Exhibit 7).  A briefing schedule was set, affording petitioner's counsel the opportunity to file a

21  motion to withdraw his guilty plea by November 21, 2002.  (*Id.*).  At the November 7, 2002 hearing,

22  the trial court asked petitioner, in the event his motion is granted, "do you understand that that will

23  open up anew the potential for you to be facing the death penalty again as a sentencing option?"

24  (Exhibit 7, at p. 4, lines 15-17).  Petitioner replied, "Yes, I understand."  (*Id.*, at p. 4, line 18).

25       On November 19, 2002, rather than filing a motion to withdraw his guilty plea, petitioner

26  filed a "motion to set sentencing date."  (Exhibit 8).  Petitioner's motion included his affidavit which

27

2

1  stated: "that since the appointment of the Special Public Defender's Office, I have chosen to proceed

2  directly to sentencing and not file a Motion to Withdraw my Guilty Plea." (Exhibit 8).

3      On December 3, 2002, a hearing was held on petitioner's "motion to set sentencing date."

4  (Exhibit 1, at p. 16). The trial court was again informed, and petitioner confirmed in open court, that

5  he had decided against challenging the guilty plea agreement. (Exhibit 1, at p. 16; Exhibit 9). As a

6  result, the trial court relieved the Special Public Defender's Office of the appointment in petitioner's

7  case and reappointed the Public Defender's Office. (*Id.*). Petitioner's motion to set a hearing date

8  was granted and sentencing was set for January 21, 2003. (*Id.*).

9      On January 21, 2003, petitioner was adjudged guilty and sentenced to two consecutive terms

10  of life without the possibility of parole for the first degree murder count and two consecutive terms

11  of 40 to 180 months for the robbery count. (Exhibit 10). The judgment of conviction was filed on

12  January 24, 2003. (Exhibit 11).

13      **B.  No Direct Appeal**

14      Pursuant to the terms of his guilty plea, petitioner did not seek direct appeal. The time for

15  filing a direct appeal expired on February 24, 2003.

16      **C.  Post-Conviction Habeas Petition, Case No. C179544**

17      On February 26, 2003, petitioner filed a post-conviction petition for a writ of habeas corpus

18  in the state district court. (Exhibit 12). Petitioner asserted that there were deficiencies in the jury

19  trial proceedings prior to the entry of his guilty plea. (*Id.*). On May 13, 2003, the trial court entered

20  Findings of Fact, Conclusions of Law, and Order denying the post-conviction habeas petition,

21  finding that the petition contained unsubstantiated claims. (Exhibit 13).

22      **D.  Nevada Supreme Court, Case No. 41410**

23      On May 28, 2003, petitioner filed a timely notice of appeal challenging the state district

24  court's denial of his post-conviction habeas petition. (Exhibit 14). On March 18, 2004, the Nevada

25  Supreme Court issued its order of affirmance. (Exhibit 15). Upon identifying the claims asserted in

26  the petition, the Nevada Supreme Court cited NRS 34.810(1)(a) and found:

27          Jones' conviction was the result of a guilty plea; his petition must
            challenge the validity of his guilty plea or allege that his guilty plea

3

1   was entered without the effective assistance of counsel. All of Jones'
     claims involve errors that allegedly occurred during a trial . . . .
2   Consequently, Jones' claims are outside the scope of a post-conviction
     petition for a writ of habeas corpus, and the district court did not err in
3   denying these claims.

4   (Exhibit 15, at pp. 2-3). Remittitur issued on June 4, 2004. (Exhibit 16).

5        **E.  USDC, District of Nevada, Case No. 3:05-cv-00154-ECR-RAM**

6        On March 7, 2005, petitioner dispatched his federal habeas petition to this Court, which was

7   opened Case No. 3:05-cv-00154-ECR-RAM. (ECF No. 1; Exhibit 17). This Court appointed

8   counsel for petitioner, and on September 23, 2005, a first amended petition was filed. (ECF No. 14;

9   Exhibit 18). Respondents moved to dismiss the first amended petition. (ECF No. 22; Exhibit 19).

10  By order filed September 26, 2006, the Court granted the motion and dismissed the petition without

11  prejudice on the basis that none of petitioner's claims had been exhausted. (ECF No. 30; Exhibit

12  20). Judgment was entered on September 27, 2006. (ECF No. 31). On April 2, 2009, the Ninth

13  Circuit Court of Appeals affirmed the judgment of this Court. (ECF No. 46; Exhibit 21). A petition

14  for a writ of certiorari was filed with the United States Supreme Court and was denied on October 5,

15  2009. (ECF No. 49; Exhibit 21).

16       **F.  Second Post-Conviction Habeas Petition, Case No. C17944**

17       On April 28, 2009, petitioner filed his second post-conviction petition for a writ of habeas

18  corpus in the Eighth Judicial District Court, alleging some claims challenging the validity of his

19  guilty plea. (Exhibit 23). On September 14, 2009, the state district court denied the petition as

20  untimely pursuant to NRS 34.726, successive pursuant to NRS 34.810(2), and barred by latches

21  pursuant to NRS 34.800(2). (Exhibit 25).

22       **G.  Nevada Supreme Court, Case No. 54312**

23       On August 6, 2009, petitioner filed a notice of appeal challenging the denial of his second

24  post-conviction habeas petition. (Exhibit 24). The Nevada Supreme Court entered an order of

25  affirmance on May 10, 2010. (Exhibit 26). The Nevada Supreme Court affirmed the state district

26  court's determination that the petition was untimely pursuant to NRS 34.736(1) and successive

27  pursuant to NRS 34.810(2). (*Id.*). Remittitur issued on June 8, 2010. (Exhibit 27).

4

**H.  USDC, District of Nevada, Case No. 3:10-cv-00590-LRH-WGC**

In the instant case, petitioner dispatched the federal habeas petition to this Court on September 16, 2010.  (ECF No. 7).  Respondents have filed a motion to dismiss the petition.  (ECF No. 11).  Petitioner has filed a response.  (ECF No. 14).  Respondents have filed a reply.  (ECF No. 15).

**II.  Discussion**

**A.  Federal Habeas Petition is Untimely**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

///

1    The United States Supreme Court has held that a habeas petitioner's state post-conviction

2   petition, which was rejected by the state court as untimely under the statute of limitations, is not

3   "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations

4   period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).   The Court in *Pace v. DiGuglielmo* held

5   as follows:

6           In common understanding, a petition filed after a time limit, and which
            does not fit within any exceptions to that limit, is no more "properly filed" than a
7           petition filed after a time limit that permits no exception.

8                                                   * * *

9           What we intimated in *Saffold* we now hold: When a postconviction
            petition is untimely under state law, "that [is] the end of the matter" for the
10          purposes of § 2244(d)(2).

11   *Id.* at 413-14.

12    In the present case, the one-year AEDPA statute of limitations expired one year from the date

13   that the Nevada Supreme Court entered its order of affirmance and remittitur issued, resolving

14   petitioner's first post-conviction habeas corpus petition in Case No. 41510.  Remittitur issued on

15   June 4, 2004.  (Exhibit 16).  The pendency of the federal petition filed March 7, 2005, in Case No.

16   3:05-cv-00154-ECR-RAM, did not toll the running of the AEDPA statute of limitations.  *Duncan v.*

17   *Walker*, 533 US. 167, 181-82 (2001).  Moreover, petitioner's untimely filing of his second post-

18   conviction petition in the Nevada courts did not toll the running of the AEDPA statute.  *Pace v.*

19   *DiGuglielmo,* 544 U.S. 408, 412-16 (2005).  The instant federal petition was filed nearly six years

20   after the AEDPA limitations period expired.

21    The United States Supreme Court has held that the AEDPA's statute of limitations, at 28

22   U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct.

23   2549, 2560 (2010).  The Supreme Court reiterated that "a petitioner is entitled to equitable tolling

24   only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

25   circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting

26   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In making a determination on equitable tolling,

27   courts must "exercise judgment in light of prior precedent, but with awareness of the fact that

6

specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.  In the instant case, petitioner has not shown that he pursued his rights diligently and has not shown that any extraordinary circumstance prevented him from filing a timely federal petition.  Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

### B. Petition is Procedurally Barred

#### 1. Procedural Default Principles

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented

1   to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance

2   of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*,

3   529 U.S. 446, 453 (2000).

4        With respect to the prejudice prong of cause and prejudice, the petitioner bears:

5            the burden of showing not merely that the errors [complained of]
             constituted a possibility of prejudice, but that they worked to his actual

6            and substantial disadvantage, infecting his entire [proceeding] with
             errors of constitutional dimension.

7

8   *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

9   (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner

10  suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

11  528, 530 n.3 (9th Cir. 1988).

12        **2.  Petitioner's Claims were Procedurally Defaulted in State Court on**
          **Independent and Adequate State Grounds**

13

14        Petitioner's current federal petition contains the same claims asserted in his second post-

15  conviction petition filed in the state district court on April 28, 2009. (Exhibit 23). On appeal from

16  the denial of petitioner's state habeas petition, the Nevada Supreme Court found these claims

17  procedurally defaulted. The Nevada Supreme Court cited NRS 34.726(1), finding the petition

18  untimely, and cited NRS 34.810(2), finding the petition to be successive. (Exhibit 26, at pp. 2-3).

19  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the

20  procedural bars at issue in this case – NRS 34.726 and NRS 34.810 – are independent and adequate

21  state grounds. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *Vang v. Nevada*, 329 F.3d

22  1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

23        **3.  Cause and Prejudice**

24        To demonstrate cause for a procedural default, the petitioner must be able to "show that some

25  objective factor external to the defense impeded" his efforts to comply with the state procedural rule.

26  *Murray*, 477 U.S. at 488. Like the Nevada Supreme Court, this Court finds that petitioner has failed

27  to demonstrate cause to overcome his procedurally defaulted claims. (*See* Exhibit 26). Because

1   petitioner failed to show cause, this Court need not consider whether the petitioner suffered actual

2   prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3

3   (9th Cir. 1988).

4           In his opposition, petitioner also argues that respondents are judicially estopped from

5   asserting that the petition is procedurally barred, relying on *Russell v. Rolfs*, 893 F.2d 1033, 1038-39

6   (9th Cir. 1990), in which the Ninth Circuit held that after the state had convinced the federal court to

7   dismiss unexhausted claims on the ground that the petitioner had an adequate and available remedy,

8   the state could not subsequently argue that the claims were procedurally barred.  Petitioner claims

9   that, by previously arguing that petitioner failed to exhaust state remedies in Case No. 3:05-cv-

10  00154-ECR-RAM, respondents necessarily indicated that there were available and adequate

11  remedies in state court.  The instant case is distinguishable from *Russell* because respondents never

12  made a prior argument that there was an adequate remedy for the unexhausted claims in state court.

13  The present case is more similar to *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998), in which the

14  Ninth Circuit refused to apply *Russell* where the state had never claimed that the petitioner had an

15  adequate remedy in state court.  This Court concludes that respondents are not estopped from arguing

16  that the instant petition is procedurally barred.

17          This Court finds that the petition in the instant case was procedurally defaulted in state court

18  and petitioner has failed to show cause and prejudice to overcome the procedural default.  As such,

19  the petition is barred from review by this Court and will be dismissed.

20  **III.  Certificate of Appealability**

21          In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28

22  U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

23  (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

24  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

25  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

26  (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

27  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In

order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 28th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE