<pre>                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA


BRETT JONES,

    Petitioner,                        Case No. 3:10-cv-00590-LRH-WGC

vs.                                    **ORDER**

GREG SMITH, *et al.*,

    Respondents.
</pre>

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This matter comes before the Court on petitioner's motion for Rule 60(b) relief and petitioner's motion for the appointment of counsel. (ECF Nos. 19 & 20).

On November 28, 2011, petitioner's federal petition was dismissed with prejudice as untimely and procedurally defaulted. (ECF No. 17). The Court also denied petitioner a certificate of appealability. (*Id.*). Petitioner did not file a notice of appeal or attempt to request a certificate of appealability from the Ninth Circuit Court of Appeals. Petitioner did file an application for leave to file a second or successive petition on July 16, 2014, in the Ninth Circuit Court of Appeals, Case No. 14-72164. His application was denied on September 30, 2014.

On March 9, 2016, petitioner filed a motion for reconsideration, citing Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 19). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

> judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

The plain language of Rule 60(b)(6), the Rule's "catch-all provision," provides for relief from a final order for "any justifiable reason." However, courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances." *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (petitioner must demonstrate both an injury and circumstances beyond his control prevent him from proceeding with his claim). Extraordinary circumstances typically exist when "an extreme and unexpected hardship" would result if the relief sought is not granted. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3rd Cir. 2008). Additionally, courts ordinarily will only grant relief if the moving party is not at fault and did not cause the extraordinary circumstances to come into being. *Id.*; *Gonzalez*, 545 U.S. at 535-36. Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lal*, 610 F.3d at 524.

In applying Rule 60(b)(6) to habeas petitions, the Ninth Circuit has considered six factors in exercising that discretion: (1) a showing of extraordinary circumstances, such as a change in intervening law; (2) petitioner's exercise of diligence in pursuing the issue during federal habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b) relief; (5) the degree of connection between the extraordinary circumstances and the decision for which reconsideration is sought; and (6) comity between the state and federal courts. *Phelps v. Alameida*, 569 F.3d 1120, 1135-40 (9th Cir. 2009).

In this case, the federal petition was denied as untimely and procedurally barred. (ECF No. 17). This Court found no basis for equitable tolling. (*Id.*, at p. 7). Petitioner also failed to show cause and prejudice to excuse the procedural default. (*Id.*, at p. 9). Petitioner now claims that he

can show cause and prejudice to excuse his procedural default, citing *Martinez v. Ryan*, 13 S.Ct. 1309 (2012). The Ninth Circuit has ruled that *Martinez* did not result in a retroactive new rule of constitutional law. *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013). Petitioner does not address any basis why this Court should reconsider its ruling that his petition was untimely filed and procedurally defaulted.

Moreover, none of the Rule 60(b)(6) factors weigh in favor of reconsidering the Court's order dismissing the petition. There has not been an intervening change in the law. Petitioner has not exercised diligence in bringing his Rule 60(b) motion almost five years after his petition was dismissed. The State has an interest in the finality of judgments. Comity between the state and federal courts would not be advanced by this Court reconsidering its previous ruling. Petitioner has not shown extraordinary circumstances justifying reconsideration of the order dismissing the petition with prejudice. Petitioner's Rule 60(b) motion is denied.

Concurrent with his Rule 60(b) motion, petitioner filed a motion for the appointment of counsel. (ECF No. 20). This case has concluded and the Court has denied petitioner's motion for Rule 60(b) relief. As such, petitioner's motion for the appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for Rule 60(b) relief (ECF No. 19) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 15th day of March, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE