# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRETT JONES, | Case No. 3:10-cv-00590-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| GREG SMITH, *et al.*, | |
| Respondents. | |

## I.    SUMMARY

Petitioner Brett Jones, a *pro se* Nevada prisoner, submitted a motion for relief from judgment (ECF No. 31) under Federal Rule Civil Procedure 60(b)(6) challenging the dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. Before the Court is Petitioner's Motion Requesting Court Clerk to E-File a Copy of Petition (ECF No. 30) and Respondents' Motion to Extend (ECF No. 35). For the reasons discussed below, the Court denies Petitioner's Motion for Relief from Judgment, denies his Motion Requesting Court Clerk to E-File a Copy of Petition, and grants Respondents' Motion to Extend.

## II.    BACKGROUND

On September 16, 2010, Jones initiated this federal habeas proceeding by mailing his petition for writ of habeas corpus, challenging his 2003 state court judgment of conviction, pursuant to a guilty plea[1], for one count of first-degree murder, victim 65 years of age or older and one count of robbery, victim 65 years of age or older. (ECF No. 5.)

---

[1]The state district court conducted a jury trial from September 9, 2002 through September 19, 2002. The jury returned guilty verdicts against Jones on both counts. On September 19, 2002, however, the state district court was informed that Jones accepted a plea agreement wherein the State stipulated to Jones receiving a sentence of life without the possibility of parole for the murder count and an equal and consecutive term for the age enhancement, thereby giving up the death penalty as a sentencing option.

Respondents moved to dismiss the petition as untimely and procedurally defaulted. (ECF No. 11.)

On November 28, 2011, the Court dismissed the petition with prejudice as untimely and procedurally defaulted. (ECF No. 17.) The Court found that Jones is not entitled to equitable tolling and that he failed to demonstrate cause and prejudice to overcome the procedural default. The Court denied a certificate of appealability. The Ninth Circuit Court of Appeals denied Jones's application for leave to file a second or successive petition in 2014.

Jones now moves for reconsideration under Rule 60(b)(6) on the basis that he has newly discovered evidence of his actual innocence. (ECF No. 31.) He asserts that the evidence was withheld by the prosecution in his case. (*Id*. at 1.)

**III.    LEGAL STANDARD**

### a.  Motion for Relief from Judgment under Rule 60(b)(6)

Rule 60(b) provides for relief from a district court's final judgment on six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Rule 60(b) 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances'." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)); *see also Wood v. Ryan*, 759 F.3d 1117, 1119 (9th Cir. 2014). "In the habeas context, Rule 60(b) applies to the extent that it is not inconsistent with AEDPA." *Hall*, 861 F.3d at 984 (citing *Gonzalez*, 545 U.S. at 529); *see also* 28 U.S.C. § 2254 Rule 11; Fed. R. Civ. P. 81(a)(2). "AEDPA poses significant hurdles for a Rule 60(b) petitioner, but 'Rule 60(b) has an

unquestionably valid role to play in habeas cases'." *Hall*, 861 F.3d at 984 (citing *Gonzalez*, 545 U.S. at 534).

When the substance of a petitioner's claim was "previously decided on the merits, and a Rule 60(b) motion that seeks leave to develop new evidence as to the claim" the court must deny the motion "as an unauthorized second or successive petition." *Wood*, 759 F.3d at 1120 (citing *Gonzalez*, 545 U.S. at 531). Federal district courts lack jurisdiction to consider an unauthorized second or successive petition. *See* 28 U.S.C. § 2244(b)(3) (requiring habeas petitioners to seek an order from the court of appeals authorizing the federal district court to consider a second or successive petition before such petition is filed). Rule 60(b) motions alleging a "previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," do not advance a "claim" and are permitted despite AEDPA. *Gonzalez*, 545 U.S. at 529-30.

"Rule 60(b)(6) permits reopening for 'any . . . reason that justifies relief' other than the more specific reasons set out in Rule 60(b)(1)–(5)." *Wood*, 759 F.3d at 1119-20 (quoting Fed .R. Civ. P. 60(b)(6)). Under Rule 60(b)(6), "extraordinary circumstances" are required to justify the reopening of a final judgment. *See Gonzalez v. Crosby*, 545 U.S. at 535; *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019); *see also Ackermann v. United States*, 340 U.S. 193, 199 (1950); *Wood*, 759 F.3d at 1120. However, "[s]uch circumstances 'rarely occur in the habeas context'." *Wood*, 759 F.3d at 1120 (quoting *Gonzalez*, 545 U.S. at 535); *see also Hall*, 861 F.3d at 984 (noting that "AEDPA poses significant hurdles for a Rule 60(b) petitioner").

### b. Actual Innocence

A convincing showing of actual innocence may enable habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims. *See Schlup v. Delo*, 513 U.S. 298, 314-16 (1995). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386

(2013) (citation omitted). "[I]f a petitioner ... presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316. However, the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

To demonstrate actual innocence, "a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt'." *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 316). Put another way, "actual innocence" is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28).

The petitioner must establish factual innocence of the crime, and not mere legal insufficiency. *See id.*; *see also Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). To demonstrate actual innocence to overcome a procedural bar under *McQuiggin* and *Schlup*, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

## IV.   DISCUSSION

### a.   Motion for Relief from Judgment under Rule 60(b)(6)

The amended information describes that Jones "killed Shirley Rogers, a human being, by manual strangulation and/or blunt force trauma to her head, and that she was 65 years of age or older," and that he "willfully and unlawfully took personal property, being power tools and/or money, and/or firearms, and/or a Chevrolet pickup from the person of Shirley Rogers." (ECF No. 12-1 at 40-41.)

Jones asserts that a coroner's report was not presented at trial and that he did not review the report prior to entering his guilty plea. (ECF No. 31 at 14.) He asserts that the coroner's report stated that the victim exhibited blanching livor mortis at 8 p.m. on September 22, 2001, which indicates that she died between 8 a.m. and 12 p.m. on that same day. (ECF No. 31 at 44.) Jones argues that he left Rogers's residence at 12:45 a.m. on September 22, 2001, never returned, and, therefore, was not present at the time of her death.

Here, Jones entered a guilty plea. His claim of actual innocence is fully inconsistent with his plea of guilt, which is entitled to a strong presumption of truth. *See Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (finding that petitioner was not entitled to application of the § 2255 escape hatch where his claim of actual innocence was contradicted by his guilty plea); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] ... constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

The Supreme Court has recognized the possibility of actual innocence in the guilty plea context, but in only in a case where there was a retroactive intervening change in the law. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998). In one case, the Ninth Circuit assumed that a claim of actual innocence was available to a petitioner who plead guilty but declined to resolve the issue because the petitioner failed to meet the *Schlup* standard. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 & n.9 (9th Cir. 2007).

Nonetheless, Jones has not presented new reliable evidence demonstrating that he is actually innocent. Any evidence that might support his claim was presumably available at the time he entered his guilty plea, and the evidence that Jones relies upon falls below that needed to establish the very rare claim of actual innocence. Accordingly, the Court denies Jones's motion for relief from judgment.

**b.  Motion Requesting Court Clerk to E-File a Copy of Petition**

Jones requests a copy of his petition filed on September 16, 2010. (ECF No. 30.) Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The fundamental constitutional right of access to the courts requires prison authorities  to help inmates  prepare and  file "meaningful  legal  papers  by  providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). It does not impose an obligation "to finance and  support  prisoner  litigation." *See Lewis v. Casey*, 518 U.S. 343, 384-85 (1996).

Jones is advised that payment is required for all copies of documents on the Court's docket. Moreover, the document that Jones requests, a filed stamp copy of his initial petition (ECF No. 1-1), is about 150 pages in length. The request would therefore impose an unreasonable burden on the Clerk's Office staff. The motion is therefore denied.

**V.    CONCLUSION**

It is therefore ordered that Petitioner Brett Jones's Motion for Relief from Judgment (ECF No. 31) is denied.

It is further ordered that, to the extent necessary, a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

///

///

///

///

///

///

It is further ordered that Petitioner's Motion Requesting Court Clerk to E-File a Copy of Petition (ECF No. 30) is denied.

It is further ordered that Respondents' Motion to Extend (ECF No. 35) is granted *nunc pro tunc*.

DATED THIS 1st Day of July 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE